IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Myron L. ERICKSON, Attorney at Law.

Supreme Court

*No. 93-1836-D. Filed February 1, 1994.*

(Also reported in 510 N.W.2d 127.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

We review the recommendation of the referee that the court suspend the license of Myron L. Erickson to practice law in Wisconsin for an indefinite period as discipline for misconduct that led to his criminal conviction in Missouri, following which his license to

practice law in that jurisdiction was revoked. The referee did not recommend discipline identical to the Missouri license revocation for the reason that the validity of Attorney Erickson's conviction has been challenged following a statement by the Missouri Supreme Court in an unrelated case that it may have resulted from an erroneous evidentiary ruling.

We determine that the discipline recommended to be imposed at this time is appropriate. Although our rules provide for discipline to be imposed upon an attorney who has been convicted of a serious crime regardless of the pendency of an appeal, SCR 11.03(1),[1] the referee, Attorney John Schweitzer, properly determined that the Missouri Supreme Court's statement regarding Attorney Erickson's conviction constitutes a potential "infirmity of proof" establishing his misconduct and, consequently, the referee could not accept as final the license revocation imposed in Missouri.[2] In addition to the suspension, the referee recommended

---

[1] SCR 11.03 provides, in part:

**Suspension on conviction of crime** (1)  Summary suspension. Upon receiving satisfactory proof that an attorney has been convicted of a serious crime, the supreme court may summarily suspend the attorney, pending final disposition of a disciplinary proceeding, whether the conviction resulted from a plea of guilty or no contest or from a verdict after trial, and regardless of the pendency of an appeal.

[2] SCR 22.25 provides that the referee shall recommend the imposition of discipline identical with that imposed in another jurisdiction unless:

(a)  The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;

(b)  There was such an infirmity of proof establishing the misconduct or medical incapacity that the referee could not accept as final, the conclusion on that subject; or

(c)  The misconduct established justifies substantially different discipline in this state.

that Attorney Erickson be required to submit a written report to the Board of Attorneys Professional Responsibility (Board) within six months and every six months thereafter setting forth the status of his conviction and of his license to practice law in Missouri and that the Board file a report with this court on the basis of which the court may impose discipline identical to that finally imposed in Missouri. If Attorney Erickson fails to comply with that reporting requirement, the referee recommended that the court immediately revoke his license to practice law in Wisconsin.

Attorney Erickson, who currently resides in Michigan, was admitted to practice law in Wisconsin in 1969. He was suspended from practice in Wisconsin on May 19, 1976 for failure to pay State Bar dues. He has not previously been the subject of a disciplinary proceeding in Wisconsin.

On June 23, 1989, Attorney Erickson was convicted of two counts of deviate sexual assault and the conviction was affirmed on appeal. Based on that conviction, the Supreme Court of Missouri revoked Attorney Erickson's right to practice law. Attorney Erickson's attempts to collaterally attack his conviction were unsuccessful.

In February, 1993, in an unrelated case, the Missouri Supreme Court declared that prior case law incorrectly interpreted and applied the "common scheme or plan" exception to the evidentiary rule rendering evidence of a defendant's prior sexual misconduct inadmissible, citing Attorney Erickson's among 15 Missouri cases in which the exception had been incorrectly applied by the Court of Appeals. Thereafter, Attorney Erickson filed a motion to recall

SCR 22.25(5).

mandate with the Missouri Supreme Court which, as of the date of the referee's report, had not been heard.

As discipline for the conduct for which Attorney Erickson's license to practice law was revoked in Missouri, the referee recommended that the court suspend his license to practice law in Wisconsin indefinitely until such time as the current challenge to his Missouri conviction is decided and, at that time, impose discipline identical to that ultimately imposed in Missouri.

IT IS ORDERED that the license of Myron L. Erickson to practice law in Wisconsin is suspended for an indefinite period, commencing the date of this order.

IT IS FURTHER ORDERED that within six months of the date of this order and every six months thereafter Myron L. Erickson notify the Board of Attorneys Professional Responsibility in writing of the status of his criminal conviction and his license to practice law in Missouri; in the event of his failure to do so, the license of Myron L. Erickson to practice law in Wisconsin shall be revoked.

IT IS FURTHER ORDERED that the Board of Attorneys Professional Responsibility shall file a report with the court concerning the disposition of the conviction of Myron L. Erickson in Missouri and the action taken in respect to his license to practice law in Missouri.

IT IS FURTHER ORDERED that within 60 days of the date of this order Myron L. Erickson pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Myron L. Erickson to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Myron L. Erickson comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

11